1818.

*Saunders*
*vs*
*Webster*

covered back in case of any defect of title, or disaffirm= ance of a contract. The first branch of the defendant's application, in the court below, was certainly improper. None other than parol evidence could be offered of the adverse claim. The second application to the court, was to instruct the jury, "that the plaintiff was not entitled to recover *in this action.*" It is not stated that the whole of the testimony, adduced by the plaintiff in support of his action, is set forth in the bill of exceptions, and the defendant does not pray the court to instruct the jury that the evidence therein mentioned was not sufficient to maintain the action. This court cannot reverse the judgment, unless they are of opinion, that the testimony stated in the exception was sufficient to defeat the plaintiff *in this action*, notwithstanding any further proof that he might be able to adduce. There is nothing in the record to show that proof was not offered by the plaintiff below of an eviction, after due notice to the defendant's testator of the adverse claim. But from the expressions of the bill of exceptions, we are led to infer, that the counsel for the defendant contended, that the testimony stated in the exceptions precluded the possibility of the plaintiff's recovery "in this action," whatever testimony he might be able to offer, that the objection went entirely to the form of action, or was grounded upon the conclusive testimony offered by the defendant.

JUDGMENT AFFIRMED.

---

DECEMBER.         SAUNDERS, Terretenant of DULEY, vs. WEBSTER.

J W obtained a judgment against J D, and issued a *scire facias* thereon against R S, as his terretenant, who pleaded that J D was not seized of the land of which he is returned tenant at the time of the judgment—*Held,* that the *scire facias* could not be supported without producing a grant from the proprietary for the land, or laying a foundation for presuming one. But that a grant for the

APPEAL from *Harford* County Court. This was a writ of *scire facias* issued against the defendant, (now appellant,) as terretenant of *Duley*, on a judgment rendered in that court against *Duley*. The defendant pleaded, that *Duley*, was not seized of the lands, &c. at the time of the rendition of the judgment. At the trial, to prove a seisin of the lands in dispute, which was part of a tract called *Coleraine*, in *Duley*, the plaintiff, (now appellee,) offered in evidence a deed from *Duley*, to the defendant, dated the 16th of June 1803, for part of a tract called *William's Ridge*, containing 100 perches, and for ten acres, part of

land, with the deed offered in evidence from J D to R S. and the parol evidence, that J D was, and had been, in possession of the land for nine years before his deed to R S, would be sufficient to support the issue for the plaintiff

a tract called *Coleraine.* He also offered parol evidence to prove that *James Duley* was in possession of the said land, and had been in possession of it for nine years before the execution of said deed. Upon this evidence he prayed the opinion of the court, that it might and ought to be presumed that *Duley* was, at the time of the said conveyance, legally seized of the said ten acres, unless the defendant could show that he held said ten acres by another title than that derived from *Duley.* Of this opinion the Court [*Nicholson,* Ch. J.] was, and so directed the jury. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, and EARLE, J. by

*T. Buchanan,* for the Appellant.
No Counsel appeared for the Appellee.

CHASE, Ch. J. delivered the opinion of the court. The plaintiff cannot support the *scire facias* against the terre-tenant, without producing a grant from the proprietary for the tract of land called *Coleraine,* or laying a sufficient foundation for presuming one; for without such grant *Duley* could not have been seized of the ten acres of land, at the time of the obtention of the judgment on which the *scire facias* was sued out, nor could the land have been liable to execution thereon—the possession of the ten acres being by intrusion on the proprietary.

The court are also of opinion, that the grant, with the evidence produced, would have been sufficient to have supported the issue for the plaintiff.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.